UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re ) | |
| ) | |
| **NEW LIFE INTERNATIONAL,** ) | Case No. 13-10974-RM3-11 |
| dba THE NEW LIFE GROUP, ) | |
| dba NATIONAL COMMUNITY FOUNDATION, ) | |
| dba BAND ANGELS, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: January 21, 2014.**
**IF RESPONSE IS TIMELY FILED, THE HEARING WILL BE: 9:00 a.m., February 4, 2014, Courtroom One, Customs House, 701 Broadway, Nashville, TN 37203**.

## NOTICE OF APPLICATION OF DEBTOR-IN-POSSESSION FOR APPROVAL OF EMPLOYMENT OF ATTORNEYS

**New Life International,** Debtor and Debtor-in-Possession, has filed in the captioned case an application seeking the Court's approval to employ the law firm of Gullett, Sanford, Robinson & Martin, PLLC of Nashville, Tennessee, as counsel for the Debtor-in-Possession.

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant the attached motion by entering the attached proposed order, or if you want the Court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the Court your Response or Objection, explaining your position. Please note: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOUR WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: https://ecf.tnmb.uscourts.gov. If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday – Friday, 8:00 A.M. – 4:00 P.M).

2. Your Response must state the deadline for filing responses, the date of the scheduled hearing, and the motion to which you are responding.

   If a Response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE. You may check whether a timely Response has been filed by viewing the case on the Court's website at: https://ecf.tnmb.uscourts.gov.

   If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter the attached proposed order granting that relief.

Dated: December 31, 2013.

/s/ Thomas H. Forrester
Thomas H. Forrester

G. Rhea Bucy
Gullett, Sanford, Robinson & Martin, PLLC
150 3rd Ave. South, Suite 1700
Nashville, TN  37201
(615) 244-4994
Fax (615) 256-6339
tforrester@gsrm.com; rbucy@gsrm.com;
bke@gsrm.com

*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

In re )
)
NEW LIFE INTERNATIONAL, ) Case No. 13-10974-RM3-11
dba THE NEW LIFE GROUP, )
dba NATIONAL COMMUNITY )
FOUNDATION, )
dba BAND ANGELS, )
)
    Debtor. )
)

## APPLICATION OF DEBTOR-IN-POSSESSION
## FOR APPROVAL OF EMPLOYMENT OF ATTORNEYS

Comes now New Life International, Debtor and Debtor-in-Possession ("Debtor," "Applicant" or "NLI"), and respectfully requests the Court's approval of this Application to employ the law firm of Gullett, Sanford, Robinson & Martin, PLLC (hereinafter, "GSR&M"), as its counsel, and respectfully represents as follows:

## BACKGROUND AND JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in which this Court has the authority to enter final and dispositive orders and judgments.

2. On December 31, 2013 (the "Petition Date"), Debtor filed a voluntary petition in this Court under Title 11, Chapter 11, United States Code (the "Bankruptcy Code"). Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor continues, and remains, in possession of its properties as Debtor-in-Possession, and is continuing to operate its business and manage its properties as such. No Trustee has been appointed in the above-captioned case (the "Chapter 11 Case"). No official creditors' committee has been formed.

1

3. New Life International ("NLI") was originally incorporated under the name "World Bible Society" on February 28, 1979, as a nonprofit corporation under the laws of the State of Tennessee. According to its charter, as amended, NLI is a public benefit corporation, and a religious corporation, within the meaning of the Tennessee Nonprofit Corporation Act. Among other things, NLI's charter authorizes NLI to solicit, receive and expend the proceeds of fees, donations, grants, bequests and legacies in furtherance of its corporate purposes.

4. NLI includes National Community Foundation, The New Life Group, and Band Angels, all unincorporated divisions of NLI. NLI also conducts operations and implements its investment decisions via the following wholly-owned subsidiaries: World in Need, LLC, New Life Property Holdings, Inc., New Life Property Holdings II, Inc., New Life Holdings, Inc. (and its wholly-owned subsidiary, 131 Third Avenue, LLC), New Life Cabins, Inc., New Life Development, Inc., Northgate Holdings, Inc. and New Life Digital Media, LLC. All of the majority-owned subsidiaries, with the exception of 131 Third Avenue, LLC and New Life Digital Media, LLC, are non-profit organizations.

5. NLI's sources of revenue include donations of goods, money and other property, investment earnings, sale of Christian-themed merchandise and earnings from other real estate and operating entities. The real estate and operating entity operations include rental of commercial and residential property, investment in a development property and investment in a compact disc replicating company.

6. Since 1997, a decided majority of the donations received by NLI have come in transactions in which NLI issued to the donor either a charitable gift annuity ("CGA"), or a bargain-sale installment note ("ChIP"). CGAs and ChIPs are recognized under the Internal Revenue Code. In addition, most states recognize CGAs and ChIPs, although the regulatory treatment of them varies widely from state to state. Under gift annuity agreements, NLI receives

2

540793.2/2013702
Case 3:13-bk-10974   Doc 6   Filed 12/31/13   Entered 12/31/13 16:43:22   Desc Main
Document      Page 4 of 14

certain amounts partly in exchange for obligations to pay certain fixed installments during the single or joint lifetime of each donor. Under charitable bargain sale obligations, when the seller has elected to be paid pursuant to the Installment Method in Section 453 of the Internal Revenue Code, NLI has received certain amounts partly in exchange for obligations to pay certain fixed installments during a fixed period of time, generally ten to twenty years.

7. NLI has been granted an exemption under Internal Revenue Code Section 501(c)(3). In addition, the corporation qualifies for the charitable contribution deduction under Section 170(B)(1)(A) and has been classified as an organization that is not a private foundation under Section 509(a)(2).

## RELIEF REQUESTED

8. Applicant, as Debtor-in-Possession, desires to employ the law firm of GSR&M, whose mailing address is 150 3rd Avenue South, Suite 1700, Nashville, Tennessee, 37201. Applicant has chosen this law firm for the reason that it is experienced and well qualified to perform the work required of it in this case.

9. Continuation of the business of Applicant in Chapter 11 and administration of this Chapter 11 case and of the affairs of Applicant involve complicated legal questions, and may involve litigation, property transactions, preparation of pleadings, reports and other legal documents, including legal research incident thereto, the preparation and filing of a plan and disclosure statement pursuant to Chapter 11, as well as other legal matters. Hence, Applicant, as Debtor-in-Possession, requires the services of professional legal counsel.

10. Professional services to be rendered by GSR&M include the following:

(a) To give the Debtor legal advice with respect to its powers and duties as Debtor-in-Possession in the continued operation of its business and management of its property, including without limitation investigation of possible avoidance actions, employment and

3

compensation of other professionals and consultants, and determining rights of annuitants who have existing annuity contracts with the Debtor;

   (b) To prepare on behalf of Applicant as Debtor-in-Possession necessary applications, motions, orders, answers, reports, and other legal documents for filing with this Court in connection with the Chapter 11 Case;

   (c) To consult with and advise Applicant as to the legal ramifications attendant to the management and sale of real and personal properties of the estate in which the Debtor-in-Possession holds an interest and the potential liquidation of such properties for the benefit of the estate and its creditors;

   (d) To consult with the Applicant respecting the formulation of a Chapter 11 Plan, and the preparation and filing of such a plan and disclosure statement under Chapter 11; and

   (e) In general, to perform all other legal services for Applicant which may be necessary and appropriate in its case.

  11. The terms of the employment of said law firm by the Applicant, subject to the approval of the Court, are as follows:

> Within one (1) year prior to the commencement of this case, the Debtor has paid to GSR&M funds to compensate GSR&M for legal and paralegal services rendered and to be rendered in and in connection with this case, plus reimbursement of expenses incurred in the rendering of such legal and paralegal services, and agreed to pay (i) additional amounts to the extent that the product of the hours of legal services rendered, multiplied by the customary hourly rates charged from time to time by the firm for comparable services other than in a case under Title 11, exceeds the sums paid; and (ii) the amounts of all reimbursable expenses incurred by this firm in the course of rendering such legal services.

Customary hourly rates of attorneys with GSR&M, as may be adjusted from time to time, including during the pendency of this case, are presently as follows:

4

540793.2/2013702
Case 3:13-bk-10974 Doc 6 Filed 12/31/13 Entered 12/31/13 16:43:22 Desc Main
Document Page 6 of 14

| | |
|---|---|
| MEMBERS: | $275.00-$475.00 per hour |
| ASSOCIATES: | $150.00-$300.00 per hour |
| PARALEGALS: | $90.00-$125.00 per hour. |

Specifically, prior to the filing of the petition herein Applicant paid from its funds to GSR&M funds totaling $225,619.12. Of said total, sums totaling $173,131.72 have been disbursed to GSR&M as compensation for legal and paralegal services rendered prior to the filing of the Chapter 11 case, including services rendered in preparation for filing the petition, or as reimbursement of expenses incurred. In addition, from said $225,619.12 which Applicant paid to GSR&M, there was disbursed the sum of $1,213.00, to pay the filing and administrative fees incident to the commencement of this Chapter 11 Case. The disbursements to GSR&M during the year prior to the filing of the petition have included the following: $900.00 on January 22, 2013; $4,350.00 on May 28, 2013; $1,800.00 on July 1, 2013; $4,880.00 on September 9, 2013; $1,215.00 on September 9, 2013; $2,410.00 on September 23, 2013; $22,072.60 on October 21, 2013; $65,400.00 on November 22, 2013; $22,591.52 on December 17, 2013; and $48,725.60 on December 30, 2013. The balance remaining after the aforesaid disbursements, $51,274.40, will continue to be held in GSR&M's Client Fiduciary Account pending further orders of this Court. Applicant has also filed a motion for the entry of an administrative order establishing procedures for interim compensation and reimbursement of expenses of professionals, including GSR&M. If such motion is granted and an administrative compensation procedures is entered, professionals herein will be paid on an interim monthly basis a percentage of fees incurred, and professionals will be required to file interim and final fee applications, all as contemplated in 11 U.S.C. §§ 328, 330 and 331.

12. By virtue of the payments summarized in the immediately-preceding paragraph, Applicant is not indebted to GSR&M for anything as of the commencement of the Chapter 11 Case, other than for services rendered and expenses incurred on or after December 31, 2013,

which were directly related to the preparation and filing of the Chapter 11 petition and related papers, the payment of which is secured by the funds on deposit in GSR&M's Client Fiduciary Account.

13. To the extent that any of the amounts paid prepetition to GSR&M are deemed to satisfy amounts due or claimed to be due for legal services rendered, or expenses incurred, after the commencement of the Chapter 11 Case, GSR&M shall file an application under Section 330 or Section 331 of Title 11 for allowance of said amounts before the Chapter 11 Case is closed.

14. To the best of Applicant's knowledge, the following constitute all of the connections of members of GSR&M with the Debtor, its creditors, any party in interest, their respective attorneys and accountants, the United States Trustee:

A. Scott Derrick, a member of GSR&M, is married to Beth Roberts Derrick, the Assistant United States Trustee in the Middle District of Tennessee.

15. Applicant accordingly believes and represents that GSR&M holds no interest adverse to the estate with respect to the subject matter of its engagement, and GSR&M is a disinterested person as that term is defined in 11 U.S.C. § 101(14). The Verified Statement of Thomas H. Forrester, a member of GSR&M, is respectfully submitted herewith in support of this Application.

WHEREFORE, Applicant prays that this Court enter its Order approving the employment by it of the law firm of Gullett, Sanford, Robinson & Martin, PLLC, to represent Applicant in its capacity as Debtor-in-Possession in the Chapter 11 Case.

This the 31st day of December, 2013.

/s/ Thomas H.Forrester  
Thomas H. Forrester  
Gullett, Sanford, Robinson & Martin, PLLC  
150 3rd Ave. South, Suite 1700  
Nashville, TN  37201  
(615) 244-4994  
Fax (615) 256-6339  
tforrester@gsrm.com;  
bke@gsrm.com  

*Attorneys for Debtor and Debtor-in-Possession*

## CERTIFICATE OF SERVICE

      I certify that I have caused a copy of the foregoing document to be served according to the rules of CM/ECF. In addition, a copy of the foregoing document has been served on this date on the United States Trustee, the United States Securities & Exchange Commission (Office of Reorganization), the secured creditors and the 10 largest unsecured creditors, via first class United States mail, postage prepaid.

      This 31st day of December, 2013.

                                              /s/ Thomas H. Forrester
                                              Thomas H. Forrester

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re ) | |
| ) | |
| **NEW LIFE INTERNATIONAL,** ) | Case No. 13-<u>10974</u>-<u>RM</u>3-11 |
| **dba THE NEW LIFE GROUP,** ) | |
| **dba NATIONAL COMMUNITY** ) | |
| **FOUNDATION,** ) | |
| **dba BAND ANGELS,** ) | |
| ) | |
| Debtor. ) | |
| ) | |

**VERIFIED STATEMENT OF THOMAS H. FORRESTER
TO ACCOMPANY APPLICATION OF DEBTOR-IN-POSSESSION
FOR APPROVAL OF EMPLOYMENT OF ATTORNEYS**

I, Thomas H. Forrester, declare under penalty of perjury as follows:

1. I am a member of the law firm of Gullett, Sanford, Robinson & Martin, PLLC ("GSR&M") of Nashville, Tennessee, and this statement is made pursuant to Rule 2014(a), Federal Rules of Bankruptcy Procedure, to accompany the Application of the Debtor-in-Possession for Approval of Employment of Attorneys (the "Application"), filed contemporaneously herewith.

2. To the best of my knowledge, information and belief, (i) all the connections of members of GSR&M with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, are set forth in numbered paragraph 15 of the Application, and (ii) the statements contained in numbered paragraphs 12 and 13 of the Application concerning the terms of employment of GSR&M, are true and correct.

This the 31st day of December, 2013.

1

/s/ Thomas H. Forrester
Thomas H. Forrester
Gullett, Sanford, Robinson & Martin, PLLC
150 3rd Ave. South, Suite 1700
Nashville, TN 37201
(615) 244-4994
Fax (615) 256-6339
tforrester@gsrm.com;
bke@gsrm.com

*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

In re )
 )
**NEW LIFE INTERNATIONAL,** ) Case No. 13-<u>10974</u>-<u>RM</u>3-11
**dba THE NEW LIFE GROUP,** )
**dba NATIONAL COMMUNITY** )
**FOUNDATION,** )
**dba BAND ANGELS,** )
 )
 Debtor. )
 )

**ORDER APPROVING EMPLOYMENT OF ATTORNEYS**
**BY DEBTOR-IN-POSSESSION**

This matter is before the Court upon the Application of New Life International, Debtor and Debtor-in-Possession in the above captioned Chapter 11 case, for approval of the employment of attorneys for said Debtor-in-Possession (the "Application").

It appears that the law firm of Gullett, Sanford, Robinson & Martin, PLLC, whose address is 150 Third Avenue South, Nashville, Tennessee, 37201, is well qualified to perform the duties of legal counsel for the Debtor-in-Possession, and that said firm represents or holds no interest adverse to the estate or the creditors thereof in matters upon which it is to be engaged, and that said firm is a disinterested person as that term is defined in 11 U.S.C. § 101(14); and

It further appears that the employment of said law firm as set forth in the Application is necessary and in the best interests of the estate; and

It further appears that adequate notice of the Application was given to creditors and parties-in-interest, and that no objections to the Application were timely filed.

540847.1/2013702

IT IS, THEREFORE, ORDERED, that the employment of Gullett, Sanford, Robinson & Martin, PLLC, in accordance with the Application to represent the Debtor in its capacity as Debtor-in-Possession in the above captioned case be, and is hereby, in all respects approved.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
> AS INDICATED AT THE TOP OF THE FIRST PAGE.**

APPROVED FOR ENTRY:

/s/ Thomas H. Forrester
Thomas H. Forrester (BPR No. 10956)
G. Rhea Bucy (BPR No. 002616)
Gullett, Sanford, Robinson & Martin, PLLC
150 3rd Ave. South, Suite 1700
Nashville, TN  37201
(615) 244-4994
Fax (615) 256-6339
tforrester@gsrm.com; rbucy@gsrm.com
bke@gsrm.com

*Attorneys for Debtor and Debtor-in-Possession*